Filed 1/15/14  P. v. Downs CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059248 |
| v. | (Super.Ct.No. FSB13463) |
| RONALD JAMES DOWNS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Ronald James Downs appeals after the trial court denied his petition for recall of his sentence under the Three Strikes Reform Act of 2012 (the Reform Act). We affirm.

FACTS AND PROCEDURAL HISTORY

In 1997, defendant was charged as a third striker under the former version of the "Three Strikes" law. Defendant's offense was a charge of petty theft with a prior, in violation of Penal Code section 666. After a bench trial, defendant was convicted. The court also found true allegations that defendant had suffered two prior strike convictions: for murder in 1975; and for robbery in 1980. The court imposed a three strikes sentence of 25 years to life for the current offense.

After passage of the Reform Act in November of 2012, defendant sent a letter to the court requesting resentencing under the ameliorative provisions of the Reform Act. In November 2012, the voters passed the Reform Act, which provides that, with certain exceptions, a three strikes term of 25 years to life may be imposed only if the defendant's current offense is a serious or violent felony. For those persons serving previously imposed sentences, Penal Code section 1170.126 establishes a statutory procedure to seek resentencing. Subdivision (b) of the statute establishes that a person serving an indeterminate term of life imprisonment under the Three Strikes law for a conviction based on "a felony or felonies that are not defined as serious and/or violent felonies . . . may file a petition for a recall of the sentence . . . ." Subdivision (d) of the statute requires a petition for recall of a sentence to specify both (1) the currently charged

2

felonies that resulted in the current sentence and (2) the prior strike convictions that were "alleged and proved" under the Three Strikes law.

The trial court here treated defendant's letter as a petition, and held a hearing to consider whether defendant would be eligible for relief under the Reform Act. The court denied defendant's petition on the ground that one of his strike priors was for murder.

Defendant's public defender filed a timely notice of appeal after this ruling.

ANALYSIS

Upon defendant's appeal, this court appointed counsel to represent him. Appointed appellate counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a brief statement of the case, but making no argument as to any specific issues. Counsel has requested this court to undertake a review of the entire record. Defendant has been offered an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the entire record and find no arguable issues.

Appointed appellate counsel has suggested three possible potentially arguable issues: (1) whether the denial of defendant's petition is an appealable order; (2) whether the trial court erred in denying defendant's petition for recall of his sentence; and (3) whether the amendment in 2010 to Penal Code section 666, now requiring proof of

three prior theft-related convictions to establish the offense of petty theft with a prior, affects defendant's conviction of his current offense.

As appellate counsel has pointed out, the issue of appealability of an order denying a petition to recall the sentence is on review in the California Supreme Court in *Teal v. Superior Court* (2013) 217 Cal.App.4th 308 (review granted July 31, 2013, S211708 [see 304 P.3d 162; 159 Cal.Rptr.3d 672]; 2013 Cal. LEXIS 6640). However, we note that a defendant is statutorily authorized to appeal from any order made after judgment if it affects the defendant's substantial rights. (Pen. Code, § 1237, subd. (b).)

As to the denial of the petition itself, Penal Code section 1170.126, subdivision (e), provides in relevant part, that an inmate is eligible for resentencing if: "(3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." Penal Code section 667, subdivision (e)(2)(C)(iv)(IV) lists "[a]ny homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive," as one of the disqualifying prior offenses. Penal Code section 1170.12, subdivision (c)(2)(C)(iv)(IV) does the same. One of defendant's prior strike convictions was for murder, a disqualifying strike offense. The trial court properly determined that defendant was not eligible for resentencing under the Reform Act.

At the time of defendant's conviction in 1997, proof of only one prior theft-related conviction was required to support conviction of petty theft with a prior. Defendant was

duly convicted of the offense as defined at the time, which did properly subject him to three strikes treatment. Generally, unless a contrary intent is indicated, it is presumed that an amended statute is intended to apply prospectively only. (Pen. Code, § 3; see *People v. Floyd* (2003) 31 Cal.4th 179, 184.) An exception exists, however, when a penal statute has been amended to lessen the punishment therefor. (*In re Estrada* (1965) 63 Cal.2d 740.) The California Supreme Court held that, where a statute has been amended to lessen the punishment for an offense and there is no clear indication of an intent to apply the amendment prospectively only, it must be presumed that the Legislature intended the mitigated punishment to apply to all judgments not yet final as of the effective date of the amended statute. (*Id*. at pp. 744–747.) Here, even if the amendment to Penal Code section 666 was ameliorative, defendant was not eligible for the benefit of the *Estrada* rule because his conviction was long since final at the time of the amendment. Amendment of the statute years later did not affect the validity of defendant's conviction at the time.[1]

---

[1] The digest of the proposed amendment stated: "Existing law provides that petty theft is a misdemeanor, except that every person who, having been convicted of petty theft, grand theft, auto theft, burglary, carjacking, robbery, or receiving stolen property and having served time in a penal institution therefor, is subsequently convicted of petty theft, is punishable by imprisonment in a county jail not exceeding one year, or in the state prison. [¶] This bill would require that most persons be convicted 3 or more times of a qualifying offense to be subject to imprisonment in the state prison for petty theft." (Pen. Code, § 666, as amended by Stats. 2010, ch. 219, § 15.) The legislation was an urgency statute (known as the Chelsea King Child Predator Prevention Act of 2010), and effective immediately, September 9, 2010. (Stats. 2010, ch. 219, § 29.)

None of the suggested issues is meritorious or warrants reversal.  (Cal. Const., art. VI, § 13.)

DISPOSITION

The order denying defendant's petition for recall of sentence is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:


RICHLI
J.


MILLER
J.